UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Nesse and Tim Mackey as
Trustees of the Minnesota Laborers
Health and Welfare Fund, et al.,

    Plaintiffs,

v.

Lakewest Excavating LLC,

    Defendant.

Civ. No. 18-703 (PAM/SER)

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment. (Docket No. 27.) The Court held a hearing on January 23, 2019. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed the Complaint on January 24, 2018. (Docket No. 1)

2. The Complaint was served on Defendant Lakewest Excavating LLC, ("Lakewest") on January 28, 2018. (Docket No. 4)

3. Lakewest failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Lakewest to answer the Complaint lapsed.

4. The Clerk entered Default on February 23, 2018. (Docket Nos. 5-8)

5. Lakewest was personally served with this Motion on December 4, 2018. (Docket No. 36)

6. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

7. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

8. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

9. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

10. Lakewest accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Highway Railroad and Heavy Construction Division of the Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions covering the period of May 5, 2014 through April 30, 2017 ("CBA").

11. By virtue of the CBA's evergreen clause, Lakewest is bound to the CBA through at least April 30, 2018.

12. The CBA requires Lakewest to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

13. The CBA requires Lakewest to set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

14. The CBA requires Lakewest to submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due. Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

15. Lakewest breached the terms of the CBA by failing to timely submit the remittance reports and contributions due and owing for the period of October through December 2017.

16. Following the filing of this lawsuit, Lakewest untimely submitted its remittance reports for the period of October through December 2017. Pursuant to the reports untimely submitted, $17,766.82 is due and owing for unpaid contributions.

17. Following the filing of the Trustees' Motion for an Order to Show Cause, Lakewest untimely submitted its remittance reports for the period of January 2018 through September 2018. Pursuant to those untimely submitted reports, $14,874.09 is due and owing for unpaid contributions.

18. The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the

contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

19. Liquidated damages in the amount of $1,776.68 are due and owing for the period of October through December 2017.

20. Liquidated damages in the amount of $1,495.46 is due and owing for the period of January 2018 through September 2018.

21. The CBA further provide that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

22. On July 19, 2018, judgment was entered in the amount of $19,543.50 for unpaid contributions and liquidated damages for the period of October through December 2017.

## CONCLUSIONS OF LAW

1. Lakewest is in default and the Funds are entitled to entry of judgment.

2. Lakewest is liable to the Funds in the amount of $16,450.05 for unpaid contributions and liquidated damages for the period of January 2018 through September 2018.

3. Lakewest is liable to the Funds in the amount of $6,578.72 for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

# ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion (Docket No. 27) is **GRANTED**;

2. Judgment in the amount of $23,028.77 be entered against Lakewest Excavating LLC and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge